UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATE OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) |
| PETER DIROSA, | ) Docket no. 2:11-CR-193-GZS |
| | ) |
| Defendant. | ) |
| | ) |

ORDER ON MOTIONS IN LIMINE

Before the Court are two motions in limine filed by the Government: (1) Motion in Limine Re: Defendant's Prior False Statements (Docket # 61) and (2) Motion in Limine to Admit Evidence Regarding the Defendant's Intent (Docket # 64). For reasons briefly explained in this Order the Court RESERVES RULING on the First Motion in Limine (Docket # 61) and GRANTS the Second Motion in Limine (Docket # 64).

I. MOTION IN LIMINE RE: DEFENDANT'S PRIOR FALSE STATEMENTS

Via this Motion, the Government seeks a pretrial ruling that it will be able to cross-examine the Defendant should he choose to testify at trial regarding false statements he made in an August 2007 refinance application. The Government invokes Federal Rule of Evidence 608(b) in support of its request. While Defendant has objected to the request under both Rule 608(b) and Rule 403, he also indicates that the request will be moot if he does not testify. Given the necessary uncertainty as to whether Defendant will testify and his request that the Court reserve ruling, the Court RESERVES RULING on the Motion.

## II. MOTION IN LIMINE TO ADMIT EVIDENCE RE: DEFENDANT'S INTENT

Via this second Motion, the Government seeks a pretrial ruling that it will be allowed to introduce evidence of two other solicitations Defendant made prior to the alleged wire fraud in this case. Specifically, the Government wishes to introduce:

(1) Evidence that Defendant solicited $220,000 in investments in the Hungary project from Victim B in the late 1990s. At the time, Defendant represented to Victim B "that his money would increase rapidly and that Defendant would pay him back in a short time at a very high interest rate." Defendant ultimately gave Victim B a letter indicating that his entire $220,000 investment was lost and could not be returned.

(2) Evidence that in approximately 2000, Defendant solicited investment in the Hungary project from Victim C. Defendant represented to Victim C that he would get his investment back in sixty days with a generous return. As a result, Victim C and several friends invested a combined $450,000 to $475,000 over several years. These investments were not returned.

(See Gov't Mot. (Docket # 64) at 2-3.) The Government invokes Rule 404(b) in support of its request to introduce this evidence of other acts arguing these acts have special relevance to the issue of intent to defraud. In the Court's assessment, these acts are admissible under Rule 404(b). Applying the necessary two-part test, it is readily apparent that these other acts have special relevance because of the "degree of similarity to the charged [wire fraud] crime." United States v. Landry, 631 F.3d 597, 602 (1st Cir. 2011) (*citing* United States v. Varoudakis, 233 F.3d 113, 119 (1st Cir. 2000)).

Defendant urges the Court to exclude based on a lack of temporal relationship arguing that the acts are too remote in time. In this case, the charged solicitation allegedly began in May 2008 and the other acts the Government seeks to introduce appear to have occurred within ten years of that date. The extended timeline in part reflects the nature of the alleged fraud in which the victims waited for investment returns to materialize over a number of years. While the Government's Motion does not proffer a precise timeline of events, it does appear that the

evidence regarding Victim B and/or Victim C will reflect that Defendant had reason to know that Victim B and/or Victim C would not receive any returns on the Hungary project at the time he was engaging in the solicitation charged here. Thus, the Court believes the ten-year timeline does not "diminish the evidence's probativeness" in this case. See, e.g., United States v. Mare, -- F.3d ----, 2012 WL 400364, at * 5 (1st Cir. Feb. 9, 2012) (finding no abuse of discretion when a "five-year gap" separated the charged arson and the prior bad act and explaining that the district court must apply a reasonableness standard rather than any absolute time limit). Rather, the evidence remains especially probative of Defendant's intent and knowledge at the time of the events charged in the indictment. Additionally, on the record presented, the Court sees no basis for wholesale exclusion of this other act evidence under Rule 403. Inevitably, the precise contours of what might be excluded under Rule 403 can only be decided in the context of trial. Thus, Defendant is free to renew his objections at trial to the extent it believes the probative value of any particular question or exhibit is substantially outweighed by any confusion of the issues or unfair prejudice.

The Court is willing to provide a limiting instruction prior to the introduction of this evidence of other solicitations for the Hungary project. If Defendant wishes such a limiting instruction, he shall provide the Court with a proposed instruction prior to the start of trial. To the extent that Defendant indicates a desire for a limiting instruction, the Government shall inform the Court prior to introducing any evidence of the two other solicitations so that the Court may provide the jury with a timely instruction.

SO ORDERED.

/s/ George Z. Singal
United States District Judge

Dated this 29th day of February, 2012.